LITTLEJOHN, NESS, GREGORY, and HARWELL, JJ., concur.

21950

John S. DUCATE, Appellant, v. Dianne DUCATE, Respondent.

(306 S. E. (2d) 218)

*Thomas E. McCutchen* and *T. English McCutchen, III,* of *Whaley, McCutchen, Blanton & Rhodes,* Columbia, *for appellant.*

*Hyman Rubin, Jr.* and *Robert Young,* Columbia, *for respondent.*

July 11, 1983.

GREGORY, Justice:

This is an action for divorce. Appellant John S. Ducate sought a divorce on the ground of one year's continuous

separation. Respondent Dianne Ducate counterclaimed for divorce on the grounds of adultery and desertion. A divorce was granted on all grounds. Appellant appeals, asserting among other things, the trial judge's award of equitable distribution and alimony was excessive. We reverse in part and affirm in part.

Appellant contends the trial judge abused his discretion in awarding respondent four percent of appellant's nine percent share of stock in Ducane Heating Corporation (Ducane). We agree.

Appellant is the president of Ducane, a closely held corporation founded approximately thirty-five years ago by appellant and his three brothers. Until 1977, appellant owned twenty-five percent of the stock in the corporation. In 1977, two brothers retired and Ducane purchased each brother's twenty-five percent interest for $300,000.00. Their stock was distributed among various Ducane employees, with appellant's stock ownership being increased to fifty-two percent. Within one year, appellant transferred eighteen percent to a trust for his emancipated children's benefit. After this action was filed and just one week before appellant was deposed by respondent's counsel, appellant gave his oldest son twenty-five percent of the stock, leaving himself nine percent.

In 1973, Ducane underwent reorganization through Chapter Eleven of the Bankruptcy Code. Although it still operates under this plan, Ducane made a rapid turnaround and by 1976, made a profit of $800,000.00. For the first six months of 1979, the profit reached $500,000.00. The record discloses, however, that no dividends were ever paid and fails to establish the value of the stock.[1]

Requiring appellant to transfer four percent of the stock to respondent would only allow the dissention and bitterness between the parties to spread to the corporation and would only give respondent something of questionable value. It may impede the success of the business and abridge appellant's ability to pay the substantial alimony award made possible by

---

1 Appellant and his son assert the stock has no value, yet his son listed his stock as an asset valued at $120,000.00 on a loan application. Also, one of Ducane's vice-presidents, who was given five percent of the stock in 1977, believed the stock had "some value."

Ducane's success. Therefore, we hold the trial judge abused his discretion in awarding respondent four percent of the stock in the corporation and reverse that portion of the order. *Debrey v. Debrey*, 132 Ill. App. (2d) 1072, 270 N. E. (2d) 43 (1977); *see also, Hopkins v. Hopkins*, 597 S. W. (2d) 702 (Mo. 1980).

■ Appellant next contends the award of alimony was excessive. The parties, parents of six children, enjoyed a high standard of living during nearly all of their thirty-nine year marriage. In view of appellant's present sizable salary and generous "corporate benefits" which enhance his personal income, we find no abuse of discretion in the trial judge's award of alimony.

We have carefully considered the briefs and arguments of counsel on the remaining issues, find no errors of law, and believe a full written opinion on those issues would have no precedential value; therefore, we affirm them under Rule 23 of this Court's Rules of Practice.

Accordingly, we reverse in part and affirm in part.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.